USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-22-08

```
UNITED STATES COURTS
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
MARA MARTINEZ,                  :
                                :
                   Plaintiff,   :     07 Civ 4687
                                :
        - against -             :     DECISION AND ORDER
                                :
M.D. SUNDARAM RAVIKUMAR,        :
                                :
                   Defendant.   :
--------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Pro Se plaintiff Mara Martinez ("Martinez") brought this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging violations of her constitutional and statutory rights while she was incarcerated at the New York State (the "State") Taconic Correctional Facility ("Taconic"), where defendant Dolores Thornton ("Thornton") served as Superintendent. Defendant Sundaram Ravikumar ("Ravikumar") worked as a medical doctor with the Westchester Vascular and Vein Center in Dobbs Ferry, New York. Martinez asserts that she suffered permanent injuries as a result of inadequate medical care she received when taken by Taconic to Ravikumar for a procedure to treat a condition on her left leg.

The State moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Martinez failed (1) to exhaust all available administrative remedies and (2) to allege sufficient personal involvement by Thornton in causing the alleged injuries. By Orders dated December 28, 2007 and January 11, 2008 Magistrate Judge Henry

Pitman extended until February 15, 2008 the time for Martinez to file a response to the motion. To date no response has been made. For the reasons discussed below, the State's motion to dismiss Martinez's complaint is GRANTED.

## I.   DISCUSSION

A.   STANDARD OF REVIEW

For purposes of ruling on a motion to dismiss against a pro se plaintiff, the Court accepts the version of the facts and their related inferences in the manner most favorable to the plaintiff. See Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

To survive dismissal, Martinez "must assert a cognizable claim and allege facts that, if true, would support such a claim." Boddie v. Schneider, 105 F.3d 857, 860 (2d Cir. 1997). Pro se complainants are entitled to some latitude in meeting these requirements, as they are held "to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Hanes v. Kerner, 404 U.S. 519, 520 (1972)). However, even pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Nor does pro se status excuse a party from meeting deadlines

imposed by the Court to file opposition. See Wilson v. Pessah, No. 05 Cv 3143, 2007 WL757993, at *2 (E.D.N.Y. Mar. 8, 2007).

B.  FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The State's Department of Correctional Services ("DOCS") maintains a three-tiered administrative review and appeals system for prisoner grievances. Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "[a]pplies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Ortiz v. McBride, 380 F.3d 649, 656 (2d Cir. 2004) (acknowledging the exhaustion requirement and applying it to an alleged due process violation).

A prisoner in the DOCS system must exhaust all three levels before bringing a § 1983 action in federal court. See Porter, 534 U.S. at 524. Under 7 NYCRR § 701.5, an inmate must first file a formal grievance or a written grievance, if forms are not available, with the Inmate Grievance Resolution

-3-

Committee. Next, the inmate may appeal the IGRC's decision to the prison superintendent. See Hemphill v. New York, 380 F.3d 680, 682 (2d Cir. 2004). The inmate may appeal the superintendent's written decision to the Central Office Review Committee ("CORC"). See 7 NYCRR § 701.6. Only after the CORC has denied an appeal may the inmate bring the matter into federal court. See id.

The State argues that in her Amended Complaint Martinez asserts that at the time she filed the instant lawsuit she was awaiting a response from the CORC regarding the grievance that gave rise to this action, and thus that Martinez has failed to exhaust her administrative remedies, requiring dismissal under the PLRA. The Court agrees. Given Martinez's own admission that the CORC had not ruled on her grievance when she filed this case, the action warrants dismissal on the ground asserted by the State.

Morever, the Amended Complaint must be dismissed as against Thornton because it contains no pleadings stating any direct or personal involvement by Thornton in the injuries Martinez alleges. See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

## ORDER

For the reasons state above, it is hereby

**ORDERED** that the motion (Docket No. 10) of defendants

Sundaram Ravikumar and Dolores Thornton herein dismiss the complaint of plaintiff Mara Martinez is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         22 February 2008

                                    _____
                                         VICTOR MARRERO
                                            U.S.D.J.